IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Boards of Trustees of the
Ohio Laborers Benefits**,

        Plaintiffs,

  v.

**Rock River Construction Ltd**,

        Defendant.

Case No: 2:22-cv-2806

Judge Graham

Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the court on the Motion for Default Judgment by Plaintiffs Boards of Trustees of the Ohio Laborers Benefits against Defendant Rock River Construction Ltd. (ECF No. 16.) The complaint alleges that the Defendant has breached the Agreements and Declarations of Trust under which they were obligated to make timely contributions to various benefit plans run by Plaintiffs. (ECF No. 1.) Plaintiffs seek monetary damages, including liquidated damages, interest, and attorneys' fees and costs as well as injunctive relief. Defendant was served with the complaint and has failed to plead or otherwise defend in this action. The Clerk made an entry of default. *See* Fed. R. Civ. P 55(a). Defendant was served with the current Motion for Default Judgment.

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the court accepts a plaintiff's well-pled allegations as to a defendant's liability as true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a sufficient basis exists entitling Plaintiffs to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (internal quotations omitted).

Employers violate 29 U.S.C. § 185 when they breach the terms of a collective bargaining agreement. The elements of a breach of collective bargaining agreement claim mirror the standard breach of contract elements, and Plaintiffs must prove that they are entitled to enforce the collective bargaining agreement as third-party beneficiaries. *Anderson v. AT&T Corp.*, 147 F.3d 467, 473

1

(6th Cir. 1998). Additionally, 29 U.S.C. § 1145 empowers trustees of union employee benefit plans to sue employers in federal court to enforce the terms of contractual agreements when employers are not timely paying into the benefit plan on behalf of their employees. *Laborers Health & Welfare Tr. Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 546, 108 S. Ct. 830, 834 (1988).

The complaint alleges that Defendant was bound to the Heavy Highway Agreement, which incorporates by execution the Declarations of Trust establishing relevant employee benefit plans and the LIUNA Tri-Funds. (ECF No. 1.) As a part of the Agreement, the Defendant agreed to pay contributions to the plan on behalf of its employees in exchange for benefits for Defendant's employees. Defendant failed to make contributions to the Plans for June 2019, June 2022, and December 2022. (ECF No. 16 at PAGEID 55.) To ensure compliance, Defendant was obliged to permit audits of its financial records and file monthly contribution reports with Plaintiffs. Plaintiffs are empowered to collect delinquent contributions as well as liquidated damages when Defendant does not timely contribute to the plans on behalf of their employees. Pursuant to the Agreements, Plaintiffs are entitled to liquidated damages in the amount of 10% of the late principal contributions as well as 1% per month interest on the late contributions. The Agreements also allow for reasonable attorneys' fees and costs.

The Court finds that the allegations sufficiently allege that Plaintiffs are third-party beneficiaries entitled to enforce the collective bargaining agreement. Additionally, the Court finds that the allegations set forth a sufficient basis to sustain a claim for breach of the collective bargaining agreement in violation of 29 U.S.C. § 185 as well as a violation of 29 U.S.C. § 1145 and that Plaintiffs are therefore entitled to default judgment under Rule 55(b).

Turning to damages, the Court may enter an award without a hearing when "plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Additionally, once a Defendant is liable under 29 U.S.C. § 1145, it is mandatory that the district court award the damages. *Bds. of Trs. of the Ohio Laborers' Fringe Benefit Programs v. Blaze Constr., Inc.*, No. 2:01-CV-1068, 2002 U.S. Dist. LEXIS 26629, at *16 (S.D. Ohio Dec. 11, 2002) (citing 29 U.S.C. § 1132(g)(2)). Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions. 29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388–89 (6th Cir. 1991).

Regardless of the mandatory provision, the Defendant is bound to pay damages based on the Agreement. Defendant agreed to pay 10% in liquidated damages, 1% interest monthly on late contributions, attorneys' fees, and costs to Plaintiffs for Plaintiffs to enforce their rights. The Declaration of Plaintiffs' Communications/Contractor Relations Manager establishes that Defendant has paid the past-due principal contribution amounts, but has not paid liquidated damages, attorneys' fees, or costs. The Declaration also establishes that Defendant owes $801.14 in liquidated damages.

Plaintiffs also seek an award of attorneys' fees of $2608.00. Plaintiffs have provided evidentiary support that the number of hours billed, as well as the hourly rate charged, are reasonable. (ECF No. 16-3 at PAGEID 73.) Plaintiffs also seek $417.64 in costs for filing fees and postage. (*Id*.) The Court finds that these expenses are reasonable.

Therefore, the court finds that such damages are a sum that can be made certain by computation. Plaintiffs' motion for default judgment (ECF No. 16) is **GRANTED**. Judgment shall be entered in favor of Plaintiffs and against Defendant as follows: $801.14 in liquidated damages, $2,608.00 in attorney's fees, and $417.64 in court costs. Additionally, Defendant shall pay interest from date of judgment at the rate of 1% per month.

**IT IS SO ORDERED**.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: August 11, 2023